WILBUR A. MURRAY AND ALMA J. MURRAY, RELATORS, v. BOROUGH OF AVON-BY-THE-SEA AND NORMA B. OMMUNDSEN, CLERK OF THE BOROUGH OF AVON-BY-THE-SEA, RESPONDENTS.

Argued January 21, 1948—Decided April 9, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the relators, *Ward Kremer.*

For the respondents, *Samuel Y. Hampton.*

The opinion of the court was delivered by

WACHENFELD, J. This is an application for a peremptory writ of *mandamus* to compel the Board of Commissioners of

the Borough of Avon-by-the-Sea and the borough clerk to issue to the relators a license to conduct a hotel at 515 Ocean Avenue.

In 1947 relators purchased the property which is located on the west side of Ocean Avenue. Across the street there is the boardwalk and then the Atlantic Ocean. The house is three stories high, of frame construction and has always been used as a private residence. It has nine bedrooms, two bathrooms, two lavatories, a separate toilet on the first floor, foyer, living room, rear living room, dining room, breakfast room and kitchen. Relators intend to offer sleeping and eating facilities to guests during the summer seasons, operating on both the American and European plans.

The validity of the ordinance is not attacked. It creates four residential zones. In "A" zone only one- and two-family private dwellings are permitted. "B" zone is restricted to one-family private dwellings. In "C" zone one- and two-family private dwellings, hotels, apartment houses, boarding houses or rooming houses are allowed. "D" zone, in which relators' property is located, is limited to one-family dwellings, hotels or apartments and constitutes a choice residential area in the borough. Another ordinance prohibits the maintenance or operation of hotels, boarding houses, rooming houses or lodging houses without first securing a license.

Relators applied to the borough commissioners for a license to operate a hotel at the aforesaid address but the application was denied. The municipality contends the building is not a hotel, does not comply with a building ordinance requiring all buildings converted to use as hotels, &c., to be fireproof, and that the relators did not conform their application to the requirements of the ordinance regulating hotels and boarding houses.

With the exception of "The Columns" and the "Avon Inn" there are no hotels, boarding houses or rooming houses in "D" zone. Both The Columns and the Avon Inn have been operating as hotels long prior and subsequent to the enactment of the zoning ordinance. Both buildings are much larger than the structure here concerned.

At the time of purchase relators, according to their agent,

had intended to operate the premises in question as a rooming house. Upon discovering that use was disallowed by the ordinance, without changing the original plan or nature of operation they applied for a hotel license instead.

The ordinance clearly indicates an intention to distinguish between hotels and boarding houses or rooming houses. The latter are prohibited from "D" zone, which is one of the best residential zones of the borough and fronts on the shore. The relators, having originally intended to operate a rooming house, can hardly complain now that the judgment of the commissioners was arbitrary in arriving at the same conclusion.

We are not, however, passing upon the distinction between hotels, boarding houses and rooming houses inasmuch as there was a failure to comply with a provision of the borough building code requiring all buildings converted to any of these types to be of fireproof construction. The ordinance provides:

"Sec. 6. All hotels, boarding houses, rooming houses and apartment houses hereafter constructed by the Borough of Avon-by-the-Sea shall be of fireproof construction.

"All existing buildings, hereafter converted into boarding houses, rooming houses, apartment houses or hotels shall be of fireproof construction.

"Sec. 39. This ordinance shall be construed as affecting all future construction dating from its adoption."

Admittedly this structure is not of fireproof construction, but relators argue the ordinance applies only where there has been a structural change in the building itself and not merely its use.

Such limitation is not warranted either by the purpose or the phraseology of the ordinance. Fire hazards, always a threat to any crowded municipality, may be quite dangerous in shore resorts overflowing with summer vacationists. Such risks are enhanced when buildings, previously private residences, are opened for public guests and this is particularly true when the structures, as here, are wooden. Any increased occupancy of a frame building constitutes an additional hazard, as reflected by increased insurance rates. Action by the governing body to reduce those dangers is not only advis-

able but failure to do so might result in tragic consequences. Adoption of the construction urged by relators would thwart in part the very purpose of the ordinance.

Nor is the term "converted" as used in the ordinance so restricted in meaning as contended. The word is commonly defined "To apply to any use or purpose by a diversion from a prior one to the proper or intended use." Webster's New International Dictionary (2d ed.), Unabridged, 1947.

Although there are no hotels, boarding houses or rooming houses of fireproof construction presently in the borough, the municipality has the power to enact and enforce such regulations prospectively to assure greater safety. The failure to enforce the ordinance in the past cannot be made the basis for its continued disregard.

The rejection by the borough commissioners of the application is presumed to be in good faith and proof to the contrary must be clear and convincing. No such contrary proof appears, nor have the relators established a right to the relief they seek. *Mandamus* will not be allowed unless both the right of the relator and the public duty sought to be enforced are clear and certain. *Beronio* v. *Pension Commission of Hoboken,* 130 *N. J. L.* 620.

The rule is discharged, but without costs.